**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00007-JAD-CWH |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Denying Motions to Vacate and for Genetic-Marker Analysis** |
| Antonio Lamarcus Masters, | |
| Defendant | [ECF Nos. 62, 64, 65, 70, 72] |

Antonio Masters is currently serving a 311-month sentence after he pled guilty to sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e) in 2018.[1] He now moves to set aside his conviction under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel.[2] He also seeks to have a genetic-marker analysis of some DNA evidence performed under Nevada Revised Statute § 176.0918.[3] But his § 2255 motion comes several months too late without a basis to excuse its tardiness, and this court lacks jurisdiction to grant his genetic-marker request. So I deny his motions.[4]

---

[1] ECF Nos. 38 (change of plea), 39 (plea agreement).

[2] ECF Nos. 62 (motion to vacate), 72 (motion for leave to supplement § 2255 motion).

[3] ECF No. 70 (motion for genetic-marker analysis).

[4] I find that no evidentiary hearing is necessary to resolve Masters's equitable-tolling motion because he has failed to offer any "good-faith *allegation that would, if true,* entitle him to equitable tolling," *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (emphasis in original), given his clear lack of diligence.

**Discussion**

**I.     Masters has not demonstrated extraordinary circumstances or diligence.**

A federal prisoner "may move the court [that] imposed [his] sentence to vacate, set aside[,] or correct the sentence."[5]  But the time to do so is not infinite, and a prisoner must file his § 2255 motion within one year of "the date on which" "the judgment of conviction becomes final."[6]  That means a defendant must file his § 2255 motion no more than one year after a "judgment [of conviction] is entered and the availability of direct review expires."[7]  If a defendant misses that deadline, a court "may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights[] and (2) extraordinary circumstances exist."[8]  The "threshold necessary to trigger equitable tolling" "is very high."[9]  This court entered Masters's judgment of conviction on January 7, 2019,[10] setting the deadline to file his § 2255 motion in January 2020.  Because Masters did not file his motion until six months later,[11] he must

---

[5] 28 U.S.C. § 2255(a).

[6] The statute also considers three other dates from which a court may calculate the limitation period's start date: (1) "the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (2) a right later recognized by the Supreme Court; or (3) the date when "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(2)–(4).  Because Masters's motion does not implicate any of these bases, I consider the timeliness of his motion from only the date his judgment became final.

[7] *United States v. LaFromboise*, 427 F.3d 680, 685 (9th Cir. 2005).

[8] *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

[9] *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted).

[10] ECF No. 55.  While Masters's judgment was amended in April 2019, ECF No. 60, it was amended only to correct a clerical mistake and did not substantively change his sentence.  So I determine the one-year period from the original judgment date.  *See United States v. Greer*, 79 F. App'x 974, 974–75 (9th Cir. 2003) (unpublished).

[11] ECF No. 62.

demonstrate that he diligently pursued his rights and that extraordinary circumstances prevented him from filing his motion on time.

Masters has not met his burden to show that the limitation period for filing his § 2255 motion should be tolled. He offers four excuses for his tardy filing: (1) he wasn't sure whether he should file his collateral attack in this court or in state court; (2) he didn't know how to obtain his files or discovery material from his lawyer; (3) the COVID-19 pandemic prevented him from accessing the law library; and (4) under *United States v. Kubrick*,[12] the accrual period changed because his case is complex. None of these bases demonstrate that Masters acted diligently. While diligence "does not require an overzealous or extreme pursuit of any and every avenue of relief," a prisoner must still exercise "the effort that a reasonable person might be expected to deliver under his or her particular circumstances."[13] Masters has not demonstrated that, despite his unawareness of the filing procedure or lack of his files, he took *any* action to try to file his motion.[14] And *Kubrick* offers him little help—that case resolved an accrual issue in the context of a claim under the Federal Tort Claims Act, not the Antiterrorism and Effective Death Penalty Act, which applies to this motion.

Masters also fails to identify any extraordinary circumstances that stood in the way of his timely filing. "Equitable tolling is available 'only when extraordinary circumstances beyond a

---

[12] *United States v. Kubrick*, 444 U.S. 111 (1979).

[13] *Gibbs v. Legrand*, 767 F.3d 879, 890 (9th Cir. 2014) (citation omitted).

[14] *See Johnson v. United States*, 544 U.S. 295, 311 (2006) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Masters also argues that § 2255's limitation period does not apply under *Gunn v. Ignacio*, 263 F.3d 965 (9th Cir. 2001), because the government breached his plea agreement. While the *Gunn* court explained that the Ninth Circuit has vacated sentences in breach-of-plea cases, it did not reach an equitable-tolling issue, nor does it extend as far as Masters would hope.

prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the petitioner's] untimeliness."[15]  As Masters explains, while he still doesn't have his files or discovery, he still managed to file his motion.  Nor has he explained how his confusion about where to file his motion actually stopped him from filing it.  The preprinted form that he submitted gave him clear guidance in this regard, explaining that, if he seeks to challenge his federal conviction, "the motion should be filed in the federal court [that] entered the judgment."[16]  And while the COVID-19 pandemic may have made many things more challenging, the deadline to file his motion passed months before the virus took hold in the United States and impacted Nevada's prison systems.  Because Masters has not met his burden to establish that he is entitled to equitable tolling, I grant the government's motion to dismiss his petition as untimely.

## II.     Masters's request for a genetic-marker analysis must be filed in the state court.

Masters also moves for a genetic-marker analysis under NRS § 176.0918(2), in hopes of proving that he is related to his victim, which according to Masters, means that he should have been charged with incest and not sexual assault in his state-court proceeding.[17]  But under NRS § 176.0918, Masters's petition "must be filed with the clerk of the district court for the county in which [he] was convicted . . . ."[18]  His petition—and much of his § 2255 motion—appear to challenge his state-court convictions.  But Masters has yet to file an application for a writ of habeas corpus under 28 U.S.C. § 2254 that demonstrates that he has "exhausted the remedies

---

[15] *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (emphasis and alteration in original).

[16] ECF No. 62 at 1.

[17] ECF No. 70 at 3.

[18] Nev. Rev. Stat. § 176.0918(2).

available in the courts of the State."[19]  So I deny his motion for lack of jurisdiction and without prejudice to his ability to seek that relief from the state court.

## Conclusion

IT IS THEREFORE ORDERED that the government's motion to dismiss **[ECF No. 64] is GRANTED**.  Masters's motion to vacate under 28 U.S.C. § 2255 **[ECF No. 62]** and his motion for leave to supplement that motion **[ECF No. 72] are therefore DENIED**.  And because reasonable jurists would not find this determination debatable, wrong, or deserving of encouragement to proceed further,[20] I **decline to issue a certificate of appealability**.  The Clerk of Court is **DIRECTED to enter a separate civil judgment denying Masters's § 2255 petition and denying a certificate of appealability**.  The Clerk must also file this order and the civil judgment in this case and in the related case: 2:20-cv-01365-JAD.

IT IS FURTHER ORDERED that the government's motion for more definite statement **[ECF No. 65] is DENIED as moot**.

IT IS FURTHER ORDERED that Masters's motion for genetic-marker analysis **[ECF No. 70] is DENIED**.  The Clerk is directed to **MAINTAIN the seal on ECF Nos. 70 and 71**.

_____
U.S. District Judge Jennifer A. Dorsey
August 6, 2021

---

[19] 28 U.S.C. § 2254(b)(1)(A).

[20] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).